IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-0611-K |
| | § | |
| SUN TRUST BANKS, INC. | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM ORDER**

Defendant SunTrust Banks, Inc. ("SunTrust") has filed a motion to dismiss or, in the alternative, to transfer this *pro se* civil action to the United States District Court for the Northern District of Georgia where an earlier filed lawsuit between the same parties and involving the same subject matter is currently pending.  For the reasons stated herein, the motion to transfer is granted.

This is just one of approximately 193 lawsuits filed by Plaintiff Amanda U. Ajuluchuku in courts throughout the nation.  More than thirty of those actions were filed in the United States District Court for the Northern District of Georgia.  In one of those cases, plaintiff, who suffers from an unspecified physical impairment, alleges that she was discriminated against, verbally assaulted, embarrassed, and humiliated by employees of SunTrust Bank when she had difficulty withdrawing money from an ATM machine at a branch office in Atlanta, Georgia.  That case is currently pending in the Atlanta Division of the Northern District of Georgia. *Ajuluchuku v. Sun Trust Banks, Inc.*, No. 1:05-CV-2908-JEC ("Georgia litigation").  On December 16, 2005, the presiding judge in the Georgia litigation stayed all further proceedings in that case pending a ruling on SunTrust's motion to dismiss.  Thereafter, on February 7, 2006, plaintiff filed a motion to transfer the Georgia litigation

to Dallas, Texas. Plaintiff also sued SunTrust in Dallas federal court based on the same conduct alleged in the Georgia action. In her complaint, plaintiff acknowledges that she filed a discrimination case against SunTrust in Atlanta, Georgia, "where the acts of discrimination, wickedness, and terrorism occurred." (Plf. Compl. at 1). Nevertheless, plaintiff maintains that venue is proper in the Northern District of Texas because:

> I am a resident. Defendant can afford to hire an attorney to represent them in Texas. In the event of depositions and or trial, Defendant can also afford to fly their witnesses to Texas. Furthermore, I believe that Texas is the perfect place to litigate this case. Texas is in the south. In other words, Texas will serve as a neutral ground for all parties. Not to mention that Texas is conservative . . . Due to my dire financial need and disability, and the acts of terrorism, I cannot afford to travel to Atlanta, Georgia. African-American females have long exhibited terrorism, wickedness, and obsession towards my family. There are many of them in Atlanta, Georgia.

(*Id.*). SunTrust now moves to dismiss this case or, alternatively, to transfer the action to Georgia federal court. Plaintiff has filed a written response to the motion and this matter is ripe for determination.

Federal law permits a district court to transfer venue to any other proper judicial district or division "[f]or the convenience of parties and witnesses, in the interest of justice[.]" 28 U.S.C. § 1404(a). The purpose of this statute is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense." *DataTreasury Corp. v. First Data Corp.*, 243 F.Supp.2d 591, 593 (N.D. Tex. 2003) (Kaplan, J.), *quoting Andrade v. Chojnacki*, 934 F.Supp. 817, 832 (S.D. Tex. 1996). Transfer is particularly appropriate where related cases involving the same issues are pending in another court. As the Supreme Court observed:

> To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent. Moreover, such a situation is conducive to a race of diligence among litigants for a trial in the District Court each prefers.

*Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19,26, 80 S.Ct. 1470, 1474, 4 L.Ed.2d 1540 (1960). Since *Continental Grain*, a number of courts, including the Fifth Circuit, have held that the existence of related litigation in a transferee court is a factor that weighs strongly in favor of transfer. *See, e.g. Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528-29 (5th Cir. 1988); *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 221 (7th Cir. 1986).

A side-by-side comparison of the complaints filed by plaintiff in the instant case and the Georgia litigation reveals that both lawsuits arise out of the same subject matter and involve the same parties. There is no sound reason for allowing plaintiff to prosecute a nearly identical action against SunTrust in Dallas federal court. Indeed, to do so would "lead[ ] to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Continental Grain*, 80 S.Ct. at 1474. The court further notes that the alleged wrong made the basis of both suits occurred in Atlanta, Georgia and all potential witnesses, other than plaintiff, are located in the Atlanta area. In light of these facts, this case should be transferred to the Northern District of Geogia where the earlier filed action is pending.

## **CONCLUSION**

Defendant's motion to transfer venue [Doc. #11] is granted. This case is hereby transferred to the Atlanta Division of the Northern District of Georgia.

SO ORDERED.

DATED:  May 4, 2006.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE